FILED
MAR 1 3 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHEAL F. TILLERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-2258 (RJL) |
| | ) |
| WASHINGTON POST, *et al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION
(March ___, 2006)

In this action brought under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, plaintiff accuses his former employer, The Washington Post ("The Post"), and his union, the Printing, Publishing and Media Workers Sector, Communications Workers of America AFL-CIO and the CWA Local 16401/ITU Local M029, Washington Mailers' Union No. 29 ("Union"), of breach of the collective bargaining agreement ("CBA"). The claim stems from plaintiff's termination on May 20, 2003. The Post and the Union each have filed a motion to dismiss the amended complaint. Plaintiff, through counsel, has opposed the motions. Upon consideration of the parties' submissions and the entire record, and for the following reasons, the Court determines that it lacks subject matter jurisdiction and, accordingly, will dismiss the complaint.

I. BACKGROUND

Plaintiff alleges that The Post breached the CBA by discharging him and that the Union breached its duty of fair representation in not pursuing his grievance to arbitration. Plaintiff was employed at The Post from 1989 until his termination in 2003. In April 2001, he suffered

a work-related injury and began to collect workers' compensation benefits. On May 20, 2003, while out on disability, plaintiff was fired for falsifying his employment application by failing to disclose his criminal history. On May 27, 2003, the Union filed a grievance on plaintiff's behalf. Pursuant to the CBA's three-step grievance procedure, the grievance was referred to the parties' Joint Standing Committee, which conducted hearings on August 25, 2003, and November 3, 2003. Plaintiff's discharge was upheld on November 3, 2003. Plaintiff received a copy of the decision "in December 2003." Amended Cplt. at 4. On December 18, 2003, plaintiff requested arbitration of his grievance. He was "officially informed, in writing," about the decision not to arbitrate "on or about May 19, 2004." Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint at 3.

## II. DISCUSSION

The Post moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).[1] The Union moves to dismiss pursuant to Rule 12(b)(6). "Whenever it appears by suggestion of the parties . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court therefore must first determine if it has subject matter jurisdiction by addressing the Post's Rule 12(b)(1) motion. In ruling on a Rule 12(b)(1) motion, the Court "may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *See Herbert v. National Academy of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992) (citing cases).

---

[1] On March 24, 2005, The Post moved to dismiss plaintiff's second amended complaint. The docket shows the filing of an original and an amended complaint. The Court denied leave for plaintiff to file a second amended complaint. *See* Dkt. Entry of April 1, 2005. The Post's motion to dismiss the second amended complaint therefore will be denied as moot.

2

It is undisputed that the CBA had expired two days before plaintiff's termination date and that negotiations for a successor agreement were under way. The Post argues that jurisdiction is wanting because § 301 confers jurisdiction to adjudicate claims arising only from existing CBAs. Plaintiff counters that discovery is warranted to determine whether plaintiff's right to have his grievance arbitrated survived the CBA's expiration. Section 301, however, confers jurisdiction for the "violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). The position of the parties to the CBA, The Post and the Union, is clear from their respective filings and the attachments to the amended complaint.[2] They both contend that the CBA had expired at the time of plaintiff's termination and imply that the arbitration provision did not survive expiration. In fact, the Union informed plaintiff that it did not take his grievance through arbitration because the contract had expired. *See* Amended Complaint Attachments (letters dated March 22, 2004, July 22, 2004, September 2, 2004). The parties' meeting of the minds on this issue defeats plaintiff's basis for discovery, which would be nothing more than an exercise in futility.

In a hybrid claim such as presented here, a plaintiff may sue his employer for breach of the collective bargaining agreement and his union for breach of the duty of fair representation. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 164 (1983). The two claims are "inextricably interdependent," insofar as plaintiff "must not only show that [his] discharge was contrary to the contract but [he] must also carry the burden of demonstrating a

---

[2] *See* the Union's Reply to Plaintiff's Supplemental Memorandum of Points and Authorities at 1-2 (adopting The Post's claim of an expired CBA).

3

breach of duty by the Union." *Id.* at 164-65 (quoting *United Parcel Service, Inc., v. Mitchell*, 451 U.S. 56, 66-67 (1981)). In its supplemental reply, The Post asserts that plaintiff is seeking to enforce the CBA's "just cause" provision (Section 11) governing discharges, which it contends did not survive the contract's expiration. Plaintiff has not rebutted this claim, which, if deemed admitted, ends the case in The Post's favor. The Post also asserts that plaintiff cannot seek to enforce the arbitration provision because he is a non-party to the CBA. Def.'t Post's Supp. Reply Brief [Dkt. # 27] at 2. While that may be true, plaintiff has sued the Union for breaching its duty under the provision to arbitrate on his behalf. The Court therefore will determine whether, as plaintiff contends, the arbitration provision survived the CBA's expiration.

"[A]rbitration is a matter of consent . . . that will not be imposed upon parties beyond the scope of their agreement." *Litton Financial Printing Div., a Div. of Litton Business Systems, Inc. v. N.L.R.B.*, 501 U.S. 190, 201, 111 S.Ct. 2215, 2222 (1991). A dispute may be subject to the arbitration provision of an expired contract if (1) "it involves facts and occurrences that arose before expiration" of the contract, (2) the "action taken after expiration infringes a right that accrued or vested under the agreement," or (3) "under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement." *Id.* at 205-06. "Unless "consent[ed] to . . . by explicit agreement," an arbitration provision does not survive an expired CBA. *Id.* at 201.

4

Plaintiff asserts that the third exception applies here.[3] He cites to Section 1 of the CBA, which states in relevant part that "[t]he parties agree to bargain in good faith and to seek a successor agreement, without changing the terms and conditions of this Agreement, except in accordance with the National Labor Relations Act." Def.'s Ex. A [Dkt. # 7-4] at 4. This language, however, is the statutory "postexpiration obligation . . . imposed by the [National Labor Relations Act]" to maintain the *status quo* during contract negotiations, which the Supreme Court has distinguished from enforceable "contractual obligations." *Litton*, 501 U.S. 207, 111 S.Ct. at 2226. "[T]hose terms and conditions no longer have force by virtue of the contract." *Id.* at 206, 111 S.Ct. at 2225 (citing *Derrico v. Sheehan Emergency Hosp.*, 844 F.2d 22, 25-27 (2d Cir. 1988)) ("Section 301 . . . does not provide for federal court jurisdiction where a bargaining agreement has expired, although rights and duties under the expired agreement 'retain legal significance because they define the status quo' for purposes of the prohibition on unilateral changes.") (parenthetical explanation in original) (other citation omitted). As set forth in Section 1, the life of the CBA was "five years, to and including the fifth anniversary of the date of signing of this Agreement." Def.'s Ex. A. In the absence of any language explicitly preserving plaintiff's "just cause" and arbitration rights, the Court concludes that it lacks jurisdiction under § 301 to enforce those provisions of the expired contract.

---

[3] Plaintiff notes that the first exception may apply because "discovery in this case will undoubtedly reveal" that the decision to terminate plaintiff was "made in advance of May 18, 2005 [sic] because of his age, his application for, and continuing receipt of, workers' compensation, and his continuing health problems." Pl.'s Mem. at 6, n.2. Under contract law, however, the date of the breach (here the termination date), is controlling. *See National R.R. Passenger Corp. v. Lexington Ins. Co.* 357 F. Supp.2d 287, 293 (D.D.C. 2005) ("General principles of contract law dictate that a plaintiff's right of action normally accrues when the contract is first breached.") (citation and internal quotation marks omitted).

For the preceding reasons, the Court grants The Post's Rule 12(b)(1) motion and dismisses the case in its entirety. A separate Order accompanies this Memorandum Opinion.

/s/ Richard J. Leon
Richard J. Leon
United States District Judge

Date: 3/8/06